**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **L4T Innovations LLC,** | Case No. 2:26-cv-00582 |
| Plaintiff, | Patent Case |
| v. | **JURY TRIAL DEMANDED** |
| **Arashi Vision Inc. d/b/a Insta360,** | |
| Defendant. | |

**COMPLAINT FOR PATENT INFRINGEMENT**

1.      Plaintiff L4T Innovations LLC ("Plaintiff") files this Complaint against Defendant Arashi Vision Inc. d/b/a Insta360 ("Insta360" or "Defendant") for infringement of United States Patent No. 11,189,321 (the "'321 Patent").

**NATURE OF THE ACTION**

2.      This suit is an action for patent infringement under Title 35 of the United States Code.  Plaintiff seeks monetary damages.

3.      Plaintiff is the assignee of all rights, title, and interest in the '321 Patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '321 Patent.  Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for Insta360's infringement of the '321 Patent.

1

## THE PARTIES

4.      Plaintiff is a Michigan limited liability company with an office at 1915 North Valley View Drive, Saint Joseph, Michigan 49085.

5.      On information and belief, Defendant Arashi Vision Inc. is a corporation organized and existing under the laws of the People's Republic of China, with a principal place of business located at 12F, Building T2, Hengyu Qianhai Financial Center, Nanshan District, Shenzhen, Guangdong, China. Arashi Vision Inc. does business as Insta360 and is the parent company that researches, develops, manufactures, and sells Insta360-branded cameras, accessories, and software worldwide, including in the United States.

6.      On information and belief, Arashi Vision Inc. directly and/or indirectly, through subsidiaries, affiliates, distributors, and agents, develops, designs, manufactures, imports, distributes, markets, offers to sell, and/or sells infringing products and services in the United States and in the State of Texas, including in the Eastern District of Texas, and otherwise directs infringing activities to this District in connection with its products and services.

## JURISDICTION AND VENUE

7.      This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284-85, among others.  This Court has original subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 and 1400(b) because, among other things, Defendant Arashi Vision Inc. is a foreign corporation, and thus may be sued in any judicial district, pursuant to 28 U.S.C. § 1391(c)(3).  *See also In re HTC Corporation*, 889 F.3d 1349, 1357 (Fed. Cir. 2018).

9.      Venue is also proper because Defendant has committed acts of infringement in this District, including making, using, selling, offering for sale, and importing the Accused Products (as defined below) in this District, and because Defendant maintains contacts with this District through, among other things, sales of the Accused Products to customers located in this District.

10.     Defendant is subject to this Court's specific and general personal jurisdiction under due process and the Texas long-arm statute because of Defendant's substantial business in this District, in the State of Texas, and in the United States, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in this State, in this District, and in the United States.

11.     Specifically, Defendant does business in, has committed acts of infringement in, and continues to commit acts of infringement in the State of Texas, including in this District, and in the United States, directly and through intermediaries and agents, including authorized distributors and retailers, by making, using, selling, offering for sale, importing, and inducing and contributing to infringement of the Accused Products.

12.     Defendant has committed acts of infringement within this District, including, but not limited to, making, using, selling, offering for sale, and importing the Accused Products, as defined *infra*.

13.     Defendant has purposefully directed infringing activities at residents of the State of Texas, and this litigation results from those infringing activities. Defendant regularly sells (either directly or indirectly) its products within this District. For example, upon information and belief, Defendant has placed and continues to place the Accused Products into the stream of commerce via established distribution channels—including Defendant's websites, online marketplaces, and

3

brick-and-mortar retailers such as Best Buy, including the Best Buy located at 422 W Loop 281 Suite 100, Longview, TX 75605 (see Figure 1, below), located in this District—with the knowledge or understanding that such products are being and will continue to be sold in this District and the State of Texas. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and the Texas Long-Arm Statute due to their substantial and pervasive business in this State and District, including infringing activities alleged herein, from which Defendant derive substantial revenue.



**Figure 1. Availability of Infringing Insta360 Products at Longview, Texas Best Buy Store**

4

**THE ACCUSED PRODUCTS**

14.     Based upon public information, Defendant owns, operates, advertises, and/or controls the websites and domains https://www.insta360.com and https://store.insta360.com (and related pages), through which it advertises, sells, offers to sell, provides, and/or educates customers about its products and services.

15.     Defendant makes, has made, uses, sells, offers for sale, imports, and/or distributes a system comprising (a) a physically separate wireless remote control sold as the Insta360 GPS Preview Remote (also referred to as the "GPS Preview Remote" or "GPS Action Remote"), including versions with built-in microphone (collectively, the "Remote"), and (b) separate Insta360 camera products that record video, including without limitation the Insta360 Ace, Insta360 Ace Pro, Insta360 Ace Pro 2, Insta360 X4, Insta360 X5, and other models identified as compatible with the Remote on Defendant's product pages and manuals (collectively, the "Insta360 Cameras"), together with associated firmware, mobile applications (including the Insta360 App), and desktop software (including Insta360 Studio) (collectively, the "Insta360 Software Products") (the Remote, Insta360 Cameras, Insta360 Software Products, and their associated hardware and software functionalities, collectively, the "Accused Products").

16.     The Remote is a standalone event-marking accessory with its own housing, display, user controls, wireless communication interface, and GNSS capability. It is not integrated into the Insta360 Camera body. During recording, a user can press a control on the Remote to mark scenes and events while the Insta360 Camera captures video as a separate external recording device.

17.     Upon information and belief, Defendant first made the GPS Preview Remote available for sale in the United States on or about November 23, 2023—after the October 2, 2017 priority date of the '321 Patent.

18.     Public documentation for the Remote and Insta360 Cameras describes, among other things: pairing the Remote to compatible Insta360 Cameras via Bluetooth; using GNSS (GPS, BeiDou, Galileo, GLONASS) on the Remote for location and timing data; marking scenes during recording by pressing a button on the Remote; transmitting control and event-marking data from the Remote to the Insta360 Camera; and retrieving, preserving, exporting, or indexing marked moments in the Insta360 App and/or Insta360 Studio.

19.     Example public sources describing the Accused Products include Defendant's online   product   manuals   and   support   pages,   including   materials   hosted   at https://onlinemanual.insta360.com and https://store.insta360.com, as further described in Exhibit 2.

**COUNT I: INFRINGEMENT OF U.S. PATENT NO. 11,189,321**

20.     The United States Patent and Trademark Office duly issued U.S. Patent No. 11,189,321 on November 30, 2021, after full and fair examination of Application No. 16/821,423, filed March 17, 2020, which was a continuation of application No. PCT/US2018/053805, filed on October 1, 2018, and a continuation of application No. PCT/US2018/053807, filed on October 1, 2018.  These applications arose from provisional application No. 62/567,054, filed on October 2, 2017, and provisional application No. 62/572,157, filed on October 13, 2017.  A true and correct copy of the '321 Patent is attached as **Exhibit 1**.

21.     The claims of the '321 Patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that improve upon the function and operation of video event recording products, among other things, by implementing a retrospective capture trigger for event marking

and capture using a separate event marking device in communication with an external recording device.

22.    The written description of the '321 Patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

23.    Defendant has directly infringed and continues to directly infringe one or more claims of the '321 Patent by making, using, selling, offering to sell, importing, providing, supplying, and/or distributing the Accused Products.

24.    Defendant has directly infringed and continues to directly infringe, either literally or under the doctrine of equivalents, at least claims 1, 4, 5, 8, 9, 14, 15, and 16 of the '321 Patent, as detailed in **Exhibit 2** to this Complaint (Evidence of Use Regarding Infringement of U.S. Patent No. 11,189,321).

25.    For example, as detailed in **Exhibit 2**, when the Accused Products are used together in their intended manner, they practice a system and method within the scope of the '321 Patent. The Remote functions as an event marking device comprising, among other things, a housing; a microcontroller; memory; a real-time clock (including GNSS-synchronized timing); a communication interface (including Bluetooth); and a user-enabled trigger circuit (including a control that marks highlight scenes during recording). Upon user enablement of the trigger circuit, the Remote associates time data with the triggered event and outputs trigger event data via the communication interface to an Insta360 Camera functioning as an external device.

26.     As further detailed in Exhibit 2, the Insta360 Camera—functioning as the external device—receives the trigger event data from the Remote and preserves, segments, indexes, or otherwise retains recording captured at or around the time of enablement of the trigger circuit, including through highlight marking, clip export, loop-segment retention, and/or associated metadata in recorded video files and companion software.

27.     By way of example and without limitation, Exhibit 2 identifies that Defendant documents a user's ability to press a control on the GPS Preview Remote while shooting to mark highlight scenes; that the Remote connects to compatible Insta360 Cameras via Bluetooth; that the Remote utilizes GNSS for accurate time and location data; and that marked highlights are available in the Insta360 App and related software for review and export.

28.     Since at least the time of receiving this Complaint, Defendant has indirectly infringed and continues to indirectly infringe one or more claims of the '321 Patent by inducing others to directly infringe said claims. Defendant has induced end users, including customers and retail purchasers, to directly infringe, either literally or under the doctrine of equivalents, the '321 Patent by providing, selling, and instructing use of the Accused Products. Defendant has taken active steps, directly or through contractual relationships with others, with the specific intent to cause end users to use the Accused Products in a manner that infringes one or more claims of the '321 Patent, including, for example, Claims 1 and 8. Such steps by Defendant include, among other things, advertising, manuals, tutorials, and technical support that guide users to pair the Remote with Insta360 Cameras and to mark highlights during recording.

29.     Defendant is performing these steps, which constitute induced infringement, with knowledge of the '321 Patent and with knowledge that the induced acts constitute infringement.

Defendant is aware that the normal and customary use of the Accused Products by others would infringe the '321 Patent. Defendant's inducement is ongoing.

30. Since at least the time of receiving this Complaint, Defendant has also indirectly infringed and continues to indirectly infringe by contributing to the infringement of the '321 Patent. Defendant has contributed to the direct infringement of the '321 Patent by end users. The Accused Products have features specially designed to be used in an infringing way and, upon information and belief, have no substantial non-infringing uses. The Accused Products constitute a material part of the invention of one or more claims of the '321 Patent and are not staple articles of commerce suitable for substantial non-infringing use. Defendant's contributory infringement is ongoing.

31. Defendant had knowledge of the '321 Patent at least as of the date when it was notified of the filing of this action.

32. Defendant's actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant.

33. Plaintiff, or its predecessors-in-interest, have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the '321 Patent.

34. Plaintiff has been damaged as a result of the infringing conduct by Defendant alleged above. Thus, Defendant is liable to Plaintiff in an amount that compensates it for such infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**JURY DEMAND**

9

35.    Plaintiff hereby requests a trial by jury on all issues so triable by right.


**PRAYER FOR RELIEF**

Plaintiff requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

a.    A judgment that one or more claims of the '321 Patent have been infringed, either literally or under the doctrine of equivalents, by Defendant or others acting in concert therewith;

b.    A judgment and order requiring Insta360 to pay Plaintiff its damages (past, present, future, including treble damages for its willful infringement), costs, expenses, and pre-judgment and post-judgment interest for Insta360's infringement of the '321 Patent;

c.    A judgment and order requiring Insta360 to pay Plaintiff compulsory ongoing licensing fees, as determined by this Court;

d.    A judgment and order declaring this an exceptional case and awarding Plaintiff its reasonable attorneys' fees and costs against Defendant in accordance with 35 U.S.C. § 285; and

e.    All other and further relief as the Court may deem just and proper under the circumstances.

Dated: July 15, 2026

Respectfully submitted,

By: /s/ Laura E. Calloway

Laura E. Calloway (TX Bar No. 24099661)\*
**L4T Innovations LLC**
1915 N. Valley View Dr.
Saint Joseph, Michigan 49085
Telephone: (312) 320-7587
Email: laura@l4tinnovations.com
*Attorney for Plaintiff*

\*Admitted to the Eastern District of Texas

11